UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | |
|---|---|
| IZETTA SMITH, INDIVIDUALLY AND ON BEHALF OF THE MINORS, IAN SMITH, IND'EAH SMITH, ANDREW SMITH, JR. AND IZETTA J. SMITH | NO. |
| VERSUS | JUDGE: |
| MICHAEL WAYNE BROWN, SHARK TRUCKING, INC., SENTRY SELECT INSURANCE COMPANY AND XYZ INSURANCE COMPANY | MAGISTRATE: |

**DEFENDANTS' NOTICE OF REMOVAL ACTION**

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:**

Michael Wayne Brown, Shark Trucking, Inc. and Sentry Select Insurance Company, defendants in the above captioned case, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On January 4, 2022, a Petition for Damages was filed by Izetta Smith, individually and on behalf of her minor children, Ian Smith, Ind'eah Smith, Andrew Smith Jr. and Izetta J. Smith in the 19th Judicial District Court for the Parish of East Baton Rouge, bearing Docket No. C-714670, Section 30.  A copy of the Petition for Damages filed in the 19th Judicial District Court is attached to the Notice of Filing and Certificate of Removing Defendants as "Exhibit A".

## **FEDERAL JURISDICTION**

### Removal Pursuant to 28 U.S.C. §1332

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all defendants, with the requisite amount in controversy being present for the claims of the lead plaintiff, Ms. Izetta Smith.

Defendants request that this Court exercise its supplemental jurisdiction pursuant to 28 U.S.C. 1367 over the claims of the minor children Ian Smith, Ind'eah Smith, Andrew Smith Jr. and Izetta J. Smith (whose name is highly similar to that of her mother; the child is identified in the suit by use of her middle initial "J") as they are so related to the claims of Ms. Izetta Smith that they form part of the same case or controversy. Specifically, this lawsuit arises from a motor vehicle accident in which all four children were passengers in the vehicle operated by their mother Ms. Izetta Smith and thus there are identical issues of fault and negligence as well as causation of injuries to the minor children and Ms. Smith.

As such, supplemental jurisdiction exists over the claims of the minor children although the claims of the children do not independently meet the jurisdictional threshold, Shehadeh v. Bergeron, 19-228, M.D. La., February 24, 2020. As noted by the United States Supreme Court: "Where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies § 1332(a)'s amount-in-controversy requirement,

§ 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S Ct 2611, 162 L.Ed.2d 502, 545 U. S. 546 (2005).  Please see also:  Thibodeaux v. GEICO Advantage Insurance Company, No. 16-158-JWD-EWD, 2016 WL 4055660, at **5-6 (M.D. La. July 8, 2016), report and recommendation adopted, No. 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016)." Mayers v. Razor USA, Inc., CV 19-812 M.D La. December 3, 2019.)

**Complete Diversity Exists as to All Parties**

3.

The Petition for Damages alleges that the Plaintiff Ms. Izetta Smith, as well as all of her minor children on whose behalf she has brought suit, are residents and domiciled in East Baton Rouge Parish and are citizens of the State of Louisiana.

4.

Defendant Shark Trucking, Inc. is a corporation organized under the laws of the State of Texas and. maintains its principal place of business in Houston, Texas.  Plaintiff has undertaken effort to serve Shark Trucking, Inc. with process via the provisions of the Louisiana Long Arm statute.  Shark Trucking, Inc. received the process on January 13, 2022.  No Affidavit of Service has been filed in state court regarding Shark Trucking, Inc..

5.

Defendant Michael Wayne Brown is a citizen of the state of Texas.  Mr. Brown has resided in Texas for many years and intends to remain as a citizen of Texas.  Plaintiff has undertaken effort to serve Mr. Brown with process via the provisions of the Louisiana Long Arm statute.  Mr. Brown has not yet received the process.  No Affidavit of Service

has been filed in state court regarding Mr. Brown. Undersigned counsel will represent Mr. Brown in these proceedings.

6.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Sentry was served with the state court Petition through the Louisiana Secretary of State's office on January 11, 2022. This removal is being accomplished within 30 days of service upon Sentry Select Insurance Company.

7.

The Plaintiff has also included as a named defendant "XYZ Insurance Company as the unknown insurer for the Defendant Shark Trucking." Pursuant to 28 U.S.C. § 1441(b)(1), in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." Furthermore, Sentry Select Insurance Company, one of the removing Defendants herein, is in fact the insurer of Shark Trucking, Inc.

**The Requisite Amount in Controversy Is Established**

8.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 as to the claims of Ms. Izetta Smith, the adult plaintiff.

9.

First, it should be noted that Ms. Smith's' lawsuit contained only general allegations of injury and related pain, suffering, etc…but without specifying either the particular areas of her body allegedly injured in the accident or the particular medical treatment that Ms. Izetta Smith has thus far undergone.  The Petition for Damages itself did not, therefore set forth sufficient information upon with removal could be premised.  Please see the state court Petition for Damages submitted herewith.

10.

Plaintiff's counsel has, however, provided post-accident medical records of Ms. Izetta Smith from various providers subsequent to the filing of suit. All pertinent medical records thus far produced pertaining to the adult plaintiff Ms. Izetta Smith are attached hereto as Exhibit B.

11.

The receipt of the medical information regarding Ms. Smith reveals an "amount in controversy" in excess of $75,000.00. As set forth in greater detail below the defense herein is accordingly "setting forth facts in controversy, with summary-judgment type evidence that support a finding of the requisite amount." Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) *citing* Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999). While the Defendants herein do not concede any facts pertaining to the nature, extent and causation of injuries, the medical records supplied on revealed the following information upon which the claims of Ms. Izetta Smith are based:

Incurred medical bills to date for Ms. Izetta Smith total $43,891.60 (Spreadsheet summary attached as Exhibit C.

While a more detailed analysis of the medicals is set forth below, we have before the Court a plaintiff whose October 29, 2021 neck/cervical MRI shows "broad posterior disc herniations" at C4-5, C5-6 and C6-7, which "narrow the spinal canal" and slightly flatten the ventral surface of the spinal cord."  Additionally, Ms. Smith's March 17, 2021 lumbar MRI reveals "discogenic changes" at the L4-5 and L5-S1 levels.  Routine medical and chiropractic care has not resolved her complaints, and Ms. Smith is now under treatment by Dr. Joe Turnipseed.  His impression is of bulging lumbar disc; other spondylosis, **cervical radiculitis**, **lumbar radiculitis**; other spondylosis, lumbar region; right knee pain; **cervical disc herniation**; **degenerative lumbar disc**.  Ms. Smith has, at this point, undergone bilateral lumbar fact injections as well as a lumbar epidural steroid injection, neither of which has significantly improved her condition.  Dr. Turnipseed is currently recommending a cervical epidural steriod injection.  Ms. Smith has been restricted from her work as a school bus driver.

12.

To provide a more detailed review of the medical evidence thus far compiled, following the accident of January 4, 2021, Ms. Izetta Smith first treated with the Metropolitan Health Group on January 6, 2021, with complaints of headaches, neck pain back pain, right wrist pain, right knee pain, right foot pain and right shoulder pain. Physical Therapy was ordered for her hand, knee back and chest. X-Rays revealed degenerative disc disease at C5-6, C6-7 and C7-T1. She followed up with treatment with Metropolitan

Health Group until February 5, 2021, when she began treatment with David Kip Corbin, DC. Her chief complaints were pain in her neck and back.

A lumbar MRI performed on March 17, 2021 revealed (1) Disc bulging T12-L1 and L1-L2 levels. (2) Disc desiccation, discogenic change with diffuse annular disc bulging combing with ligamentous and facet hypertrophy to result in bilateral neural canal narrowing L4-L5. (3) Disc desiccation, discogenic change, diffuse annular disc bulging L5-S1. It was recommended that Ms. Smith have consultations with a pain management specialist or spine surgeon. She was restricted from her work as a school bus driver.

Ms. Smith continued to treat with David Kip Corbin, DC from February 25, 2021 until May 5, 2021 with no change in her symptoms. On May 5, 2021, she was evaluated by Dr. Joe Turnipseed at the Baton Rouge Spine Diagnostic and Pain Treatment Center.

Dr. Turnipseed's assessment was: right knee pain, cervical radiculitis; other spondylosis, lumbar region; other spondylosis, lumbosacral region; degenerative lumbar disc; bulging lumbar disc; lumbar radiculitis. He recommended lumbar facet injections, cervical MRI, and right knee MRI.

On May 17, 2021, Ms. Smith underwent Lumbar Transforaminal Facet Injections at L4-L5 and L5-S1 bilaterally and Fluoroscopic needle localization. She continued treatment with chiropractor David Kip Corbin from May 19, 2021 through October 28, 2021 with continued complaints of neck and back pains.

On October 28, 2021, Ms. Smith was evaluated at the Baton Rouge Diagnostic Pain and Treatment Center as the lumbar injections did not provide her with any relief. It was recommended that she have a LESI and repeat cervical and knee MRIs were ordered.

The right knee MRI conducted on October 29, 2021 was a normal examination.

The cervical MRI on October 29, 2021, however, revealed that there were circumferential disc bulges along the cervical spine with broad posterior disc herniations at C4-C5, C5-C6, and C6-C7. The changes at C4-C, C5-C6, and C6-C7 narrow the spinal canal. The changes at C4-C5 and C6-C7 slightly flatten the ventral surface of the spinal cord. Facet arthropathy and uncovertebral spurring cause some foraminal narrowing. This appears most advanced on the right at C4-C5 and on the left at C5-C6.

On November 18, 2021, Ms. Smith underwent a LESI at L5-S1 bilaterally.

On December 5, 2021, Ms. Smith was again evaluated the Spine Diagnosis & Pain Treatment Center with complaints and symptoms of fatigue, sleep disturbances, constipation, nausea, painful swallowing, back pain, knee pain, muscle cramps, neck pain, shoulder pain, numbness, paresthesias, tingling, weakness.

The clinical assessment at that time was of: bulging lumbar disc; other spondylosis, cervical radiculitis, lumbar radiculitis; other spondylosis, lumbar region; right knee pain; cervical disc herniation; degenerative lumbar disc. Treatment plan included continue Cyclobenzaprine HCl 10mg with a recommendation for a CESI.

13.

Courts have found the requisite amount in controversy to be present, for purposes of federal subject matter jurisdiction, under similar circumstances, even without a surgical recommendation. "Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00" <u>Thibodeaux v. GEICO Advantage Ins. Co.</u>, CV 16-158-JWD-EWD, 2016 WL

4055660, at *5 (M.D. La. July 8, 2016), report and recommendation adopted, CV 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

In Pruitt v. Parsons, 2001 WL 1545703, at *1 (E.D. La. Dec. 3, 2001), the court found the amount in controversy met where the plaintiff alleged contusions and abrasions, and injury to his neck and lower back, and noted that "Defendants refer the Court to a litany of Louisiana cases involving awards for similar injuries in excess of $75,000.00, including cases in which plaintiffs for whom no surgery was recommended were awarded $100,000.00 and $400,000.00." See also Williams v. Perez, 2007 WL 9711090, at *4 (M.D. La. Oct. 23, 2007), report and recommendation adopted, 2007 WL 9711088 (M.D. La. Nov. 8, 2007) (citing cases).

Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. See Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev., 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); Wehbe v. Waguespack, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a

herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

Therefore, upon information and belief, and without making any stipulation as to the nature, extent or causation of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for Ms. Izetta Smith based upon the medical evidence supplied to the Defendants by her counsel.

As indicated above, the Defendants herein also ask this Honorable Court to exercise Supplemental Jurisdiction of the claims of Ms. Smith's minor children, none of which would independently meet the jurisdictional threshold.

**Venue**

14.

Plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

15.

Removal is timely as Sentry Select Insurance Company was served with Plaintiffs' Petition through the Secretary of State's office on January 11, 2022, and this removal is being accomplished within 30 days of that date. Removal is also being accomplished within 30 days of the January 13, 2022 receipt, by Shark Trucking, Inc. of the process mailed to it pursuant to the Louisiana long arm statute.

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana, Baton Rouge Division.

Respectfully submitted:

**RABALAIS & HEBERT, LLC**

*s/ Melvin A. Eiden*
_____
**STEVEN B. RABALAIS (#17100) T.A.**
**BLAKE T. COUVILLION (#37443)**
**MELVIN A. EIDEN (#19557)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
Email:  srabalais@rhhnet.com
Email:  blake@rhhnet.com
Email:  meiden@rhhnet.com
**ATTORNEYS FOR DEFENDANTS, SENTRY SELECT INSURANCE COMPANY, SHARK LLC AND MICHAEL WAYNE BROWN**

### CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana on this 8th day of February 2022.

*s/ Melvin A. Eiden*
_____
**STEVEN B. RABALAIS**
**BLAKE T. COUVILLION**
**MELVIN A. EIDEN**